PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* ELÍAS BERRÍOS, Defendant and Appellant.

Nos. 3709–3710.   Argued February 27, 1929.—Decided March 15, 1929.

*Pedro E. Anglade* for the appellant.   *José E. Figueras* for the appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

Elías Berríos was charged in these two cases with keeping and offering for sale cow's milk adulterated by the addition of water.

The informations are dated April 12, 1928, and the defendant was arraigned on April 27 of the same year.

On October 10, 1928, the cases were called for trial and the defendant moved for their dismissal on the grounds that (*a*) the cases had been pending since their filing on April 12, 1928; that (*b*) the arraignment took place on April 27, 1928; that (*c*) the defendant was arrested and gave bail on March 8, 1928; that (*d*) the defendant has been since then ready to go to trial, and that (*e*) under section 448 of the Code of Criminal Procedure the cases should be dismissed because they had not been called for trial within the statutory one hundred and twenty days.

By the evidence in support of that motion it was shown (1) that the defendant was arrested and gave bail on March 8, 1928, on the charge of adulterating milk; (2) that the District Court of Guayama had been trying criminal cases since April, 1928, being in vacation during the months of August and September, and that a special session was called and began on September 4, during which several cases were tried, and that in the month of July of that year civil and

criminal cases were tried by the court; (3) that the cases against Elías Berríos for adulterating milk were set for May 22, 1928, the trials being postponed on motion of the attorney for the defendant and were not set again; (4) that the chemical expert called in these cases asked the court on May 15, 1928, not to set the cases for trial during his absence from Porto Rico, which began on June 30 and apparently ended shortly before the trial of these cases in October, and that the cases had not been set for trial during that period of time.

After argument on the motion the court overruled it for the reason, among others, that a hurricane occurred on September 13, 1928, and disturbed all business, delayed communications and for some time interrupted the normality of life in this country.

The appellant now assigns as error the overruling of his motion.

A fact having more importance than seems to have been given it is that the trials of these cases were set for May 22, 1928, and were not held because the defendant moved for their continuance. The defendant thus interrupted what, by analogy, might be called the period of prescription, and he is barred now from being credited the time prior to that date.

On September 13, 1928, a formidable hurricane passed over Porto Rico and for some time interrupted all business and the normal course of life in the Island. Under these circumstances the district attorneys and judges could not be required to be the only officers to conduct business as usual. The delay in this case had justification. See the case of *People* v. *Marcelino Hidalgo, ante,* page 186, from the opinion in which we quote the following:

"In the first assignment he contends that the district court should have sustained a motion to dismiss made by him at the commencement of the trial *de novo* on the ground that more than one hundred and twenty days had elapsed since the last continuance. The district at-

torney opposed the motion and alleged as justifiable causes for failure to try the case within the 120 days pressure of business on the court and the occurrence of the San Felipe hurricane which was of such magnitude that for some time it disarranged the regular dispatch of cases by the court, and on that ground the court overruled the motion.

"In our judgment the district court did not err. As said by the *Fiscal* of the Supreme Court in his brief, no mention is made of the date of the last continuance from which to compute the 120 days specified by the statute which has been held applicable to such cases. It can be deduced only from the statement of the judge in ruling on the motion that the time expired six days before the day of the trial. And taking into account the testimony of the clerk of the court, who was called as a witness by the attorney for the defendant, that in order to dispose of the cases before it the court called a special session during its vacation period beginning on September 4, 1928, and it was interrupted by the said calamity which occurred on the 13th of September, it will be seen that there was justifiable cause for holding the trial on the 12th of the following October."

For the foregoing reasons the judgment appealed from must be affirmed.